UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: ROBERT B RUDECKI ) | |
| ) | CASE NO.    11-32373 |
| SHEREE K RUDECKI ) | |
| ) | CHAPTER 13 PROCEEDING |
| DEBTORS ) | |
| ) | |
| ------------------------------------------------------) | Adversary Proceeding 11-3033 |
| ) | |
| ) | |
| ROBERT B RUDECKI and ) | |
| SHEREE K RUDECKI ) | |
|     Plaintiffs, ) | |
|     vs. ) | |
| TERRY A. PRICE ) | |
|     Defendant ) | |
| _____) | _____ |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE**

INTRODUCTION

   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and the Court has jurisdiction under 28 U.S.C. §1334 . Plaintiffs are the debtors under Chapter 13 of Title 11 of the United States Code in case number 11-32373, which case is presently pending before the United States Bankruptcy Court, Northern District of Indiana, South Bend Division. Defendant Terry A. Price (hereinafter "Price") is listed as a creditor in Plaintiffs' bankruptcy. On June13, 2011, Plaintiffs brought this Adversary Proceeding against Defendant seeking a preliminary injunction as well as a temporary restraining order to prevent Plaintiffs suffering immediate, irreparable injury, loss and damage due to loss of their livelihood, and the impairment of the administration of property of the estate in this

1

Chapter 13 case.

Plaintiffs have now filed a Verified Motion for Temporary Restraining Order Without Notice because Defendant has intentions of pursuing adverse actions despite the filing of this adversary proceeding.

## LEGAL AUTHORITY

Rule 65 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy Procedure 7065 allows the Court to issue injunctions and restraining orders. N.D. Ind. L.B.R. B-7065-1 sets out requirements for the Court to consider a request for a preliminary injunction or temporary restraining order. See *In re Zirkle*, 2010 Bankr. LEXIS 2170 (Bankr. N.D. Ind. June 22, 2010).

Furthermore, the United States Supreme Court, the Seventh Court of Appeals and Bankruptcy Courts within the Seventh Circuit agree that 11 U.S.C. §105(a) provides a Bankruptcy court the authority to issue preliminary injunctions or temporary restraining orders. See *Celotex Corp. v. Edwards*, 514 U.S. 300, 310-311 (U.S. 1995), *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. Ill. 1998), and *Gander Partners LLC v. Harris Bank, N.A. (In re Gander Partners LLC)*, 432 B.R. 781, 787-788 (Bankr. N.D. Ill. 2010).

As stated in *Fisher*:

> The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include "suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate," Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161-62 (7th Cir. 1994), or "the allocation of property among creditors." In re Memorial Estates, Inc., 950 F.2d 1364, 1368 (7th Cir. 1992); see also Lawrence P. King, Collier on Bankruptcy P 105[2]; In re Heath, 115 F.3d 521, 524 (7th Cir. 1997) ("related to" means "likely to affect"). To protect this jurisdiction, "the court may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a), including a stay. Zerand-Bernal, 23 F.3d at 162. *Fisher* at 882.

Ex parte temporary restraining orders "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Allen-Bey v. Ind. State Prison*, 2009 U.S. Dist. LEXIS 92559 (N.D. Ind. Oct. 1, 2009) citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (citations omitted).

## ARGUMENT

Plaintiffs' complaint filed in this adversary proceeding establishes the facts necessary for a preliminary injunction. However, as of June 14, 2011, Defendant has not given any indication of not going forward with the state court trial set for June 15, 2011. As informed by his counsel, Price intends to still proceed with the trial and ask for a judgment.

Plaintiffs cannot wait any longer for a pleading from Defendant to be filed in this adversary to proceed on the merits. A temporary restraining order without notice must be entered because Defendant intends to proceed to trial and seek a judgment against Twin Maple Tool, Inc and Bernard Rudecki despite this adversary proceeding. As the Verified Motion shows, Defendant's state court attorney informed Plaintiffs' counsel that Price would still pursue the trial and seek judgement despite the bankruptcy filing and even despite a complaint for preliminary injunction.

Defendant's attorney is pushing forward with the trial to obtain a money judgment as well as foreclosure or forfeiture on the real estate, 324 Liberty, Walkerton, IN, that Plaintiffs need to

produce income that is property of the bankruptcy estate. A state court money judgment and foreclosure or forfeiture will subject Twin Maple Tool, Inc and Bernard Rudecki to the collection process and actual sale or dispossession of 324 Liberty, Walkerton, IN. This in turn will immediately impair and render meaningless Plaintiffs ability to generate income necessary for the Chapter 13 Plan payment and intentions to cure the default and maintain payments to Price or obtain financing with the help of Bernard Rudecki to payoff Price.

At this present time, Price's state court pursuit of a money judgment and foreclosure or forfeiture would be a fatal blow to this case. These are urgent circumstances where this Court's jurisdiction over the administration of this Chapter 13 case and the property of the estate must be protected. The status quo must be preserved until the merits of Plaintiff's complaint for the preliminary injunction is heard.

## CONCLUSION

N.D. Ind. L.B.R. B-7065-1 implements Rule 65 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy Procedure 7065. The Local Rule has four parts that must be met for the court to consider a temporary restraining order, and Plaintiffs have met each requirement. The facts show that Defendant is proceeding to trial seeking a money judgment and foreclosure or forfeiture on 324 Liberty, Walkerton, IN and against Twin Maple Tool, Inc and Bernard Rudecki.  A judgment and foreclosure sale or forfeiture of 324 Liberty, Walkerton, IN will have an immediate and irreparable adverse consequence upon the Plaintiffs' bankruptcy estate. A temporary restraining order must be issued to stop any effort by Defendant to seek judgment against Twin Maple Tool, Inc and Bernard Rudecki until the merits of the preliminary injunction can be heard.

        Respectfully submitted,

        /s/ Thomas E. Panowicz
        Thomas E. Panowicz (#21203-71)
        **Voltz-Miller & Panowicz, P.C.**
        1951 E. Fox Street
        South Bend, IN 46613
        PH: (574) 289-1709
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      The undersigned attorney for Plaintiffs, Robert and Sheree Rudecki, hereby certifies that a true and correct copy of the above and foregoing document was served upon the following via electronic mail and/or first class United States Mail, postage prepaid, and by fax on this 14th day of June, 2011:

Terry Price
1926 N. Tamarack Road
Walkerton, IN 46574

Adam Lukenbill, Esq.
501 E. Jefferson St.
P.O. Box 1508
Plymouth, IN 46563

        /s/ Thomas E. Panowicz
        Thomas E. Panowicz